## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

DANIEL J. CARRO,

      Plaintiff,

v.                                                    Case No. 16-10479

MARY T. BARRA, et al.,

      Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND SETTING
### SCHEDULING CONFERENCE

Pending before the court is Plaintiff Daniel Carro's "Motion for Discovery." (Dkt.

#16.) Defendant General Motors Company ("GM") has filed a response, (Dkt. #17), and

Plaintiff has filed a reply, (Dkt. #17). After reviewing the briefs, the court concludes that

a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the

court will deny Plaintiff's motion.

### I. BACKGROUND

Plaintiff is a GM shareholder who, following the much-publicized ignition failures

in certain GM cars, sent a letter to GM's Board of Directors ("Board") on April 30, 2015,

demanding that they file suit against a number of GM directors and officers for not

having detected, publicized, and addressed the problem sooner, in violation of their

fiduciary duties. The Board responded that it would await the outcome of a motion to

dismiss in the Delaware Court of Chancery related to a shareholder derivative action

alleging similar underlying facts. On June 26, 2015, the Delaware court granted

dismissal, in part on the basis that the shareholders had not plead sufficiently particular

facts to meet the "futility of demand" requirement under Delaware Chancery Court Rule 23.1. *In re Gen. Motors Company Derivative Litig.*, No. 9627, 2015 WL 3958724, at *17 (Del. Ch. June 26, 2015) ("I find that there is not a substantial likelihood of personal liability on the part of a majority of the Board, excusing demand, and the Motion to Dismiss should be granted for failure to comply with Rule 23.1."). GM then informed Plaintiff that it was again suspending consideration of the demand, because the dismissal had been appealed.

Plaintiff then filed the instant complaint on February 10, 2016, in part alleging that the Board's response was not reasonable or made in good faith. (Dkt. #1, Pg. ID 5.) The next day, the Delaware Supreme Court, sitting *en banc*, affirmed the lower court's holding in a short decision written by Chancellor Strine after a special argument session. *In re Gen. Motors Co. Derivative Litig.*, No. 392, 2015, 2016 WL 552651 (Del. 2016). On March 4, 2016, the Board informed Plaintiff through counsel that it would reinitiate consideration of his demand, and on June 14, 2016, it sent a letter indicating that the Board had decided not to pursue the requested litigation. On June 28, 2016, Plaintiff requested reports referenced in the demand refusal letter, and a few days later GM refused this request. Though the parties have not held a Rule 26(f) conference, they filed a joint status report which requested that the court hold in abeyance all deadlines for the pleadings until resolution of Plaintiff's instant motion, which seeks the same documents that GM declined to supply. (Dkt. #15.)

Plaintiff argues that he is entitled to discovery prior to the Federal Rule 26(f) conference despite Federal Rule 26(d)(1)'s general prohibition on such discovery, because "good cause" exists–the need for discovery outweighs the prejudice to the

2

responding party. He argues that the Board's "cursory refusal letter" contained a description of "the contours of the Board's investigation and diligence" which was "shrouded" and "limit[ed his] ability to assess its compliance with the applicable standards," and that GM has continued to refuse to provide discovery. (Dkt. #16, Pg. ID 109.) Specifically, Plaintiff describes the information he seeks as regarding:

> (a) the conduct of the Board in responding to plaintiff's litigation demand;
>
> (b) the underlying information considered by the decision-makers; and
>
> (c) whether the Board acted free of material conflicts of interest.

(*Id.*) He argues that this information, though limited in scope, is crucial to understanding whether the Board wrongfully denied his litigation request. He also asserts that no undue prejudice will result from requiring GM to supply him this information.

GM contends that its response to Plaintiff's demand letter was more than "cursory." It points to five single-spaced pages identifying in detail the specific investigatory efforts made by GM and the top-flight law firms that it employed to this end as materials reviewed by the Board. According to the letter, the Board concluded that pursuing the suit was not in the company's best interest because the likelihood of meaningful recovery against the indemnified individual Defendants was low, and in any case would negatively affect GM's ability to purchase D&O insurance in the future and thus to attract quality managerial talent. GM argues further that Delaware law places a heightened pleading standard on derivative suits in the case of a refused demand letter, and it does not allow such plaintiffs to take discovery merely in aid of drafting an amended complaint to include a wrongful refusal claim–specifically, that no discovery should issue until Plaintiff has survived a motion to dismiss. GM also argues that

3

Plaintiff's arguments as to Federal Rule 26(d) are inapplicable in this specific circumstance. That is to say, what the "good cause" standard arguably permits, other rules here prohibit. Finally, GM argues that Defendants' cited case law did not apply Delaware corporate law and is factually inapposite to the instant case.

In reply, Plaintiff contends that it is the Federal Rules of Civil Procedure, not Delaware corporate law, which govern the question of whether he is due discovery at this time. This, he argues, means that under the Federal Rules the court must use its discretion in whether to grant discovery, which would be reasonable in this case.

## II. STANDARD

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "In deciding whether to permit discovery in advance of the Rule 26(f) conference, the Court should evaluate whether good cause exists." *McCluskey v. Belford High Sch.*, No. 09-14345, 2010 WL 2696599, at * 1 (E.D.Mich. June 24, 2010) (citations omitted). "The Court has discretion to allow discovery before a case management conference and prior to a Rule 26(f) conference if it believes that the discovery will advance the case toward resolution and address critical issues." *Concerned Pastors for Soc. Action v. Khouri*, No. 16-10277, 2016 WL 3055624, at *1 (E.D. Mich. May 31, 2016).

## III. DISCUSSION

4

The court will apply the Federal Rules of Civil Procedure to determine whether

discovery is warranted in this case. As cited above, Federal Rule 26(d)(1) provides

guidance on exactly this question. As the Supreme Court in

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, explained:

> The framework for our decision is familiar. We must first determine
> whether [the Federal Rule] answers the question in dispute. If it does, it
> governs–[state] law notwithstanding–unless it exceeds statutory
> authorization or Congress's rulemaking power. We do not wade into Erie's
> murky waters unless the federal rule is inapplicable or invalid.

559 U.S. 393, 398 (2010) (citations omitted). Federal Rule 26 answers the question in

dispute, and no suggestion has been made that it exceeds statutory authorization or

Congress's rulemaking power. Thus, it governs.

Both parties rely heavily on authority from outside this jurisdiction to support their

positions, as it appears few courts in this circuit have had occasion to address this

precise question. However, Plaintiff's argument that, absent early discovery, he would

face a "'Catch-22' procedural hurdle in Rule 23.1" was specifically rejected by an

Eastern District of Michigan Court in *Levine v. Liveris* when deciding a motion to

dismiss:

> [Plaintiff] argues that the description of the investigation in the demand
> rejection letter was conclusory and thus that he was placed in a
> "Catch–22" whereby [Plaintiff] was required to plead particularized factual
> allegations regarding the insufficiency of the investigation, but the Board
> had refused to provide any information about the procedures used. . . . the
> Delaware Supreme Court has explicitly rejected the argument that the
> pleading standard of 23.1 should be lessened simply because plaintiffs
> may have difficulty satisfying the standard without the benefit of discovery.

No. 16-11255, 2016 WL 6092731, at *11 (E.D. Mich. Oct. 19, 2016).

Though that court was deciding a slightly different question, its reasoning is persuasive when this court considers its exercise of discretion as to whether good cause exists for the issuance of early discovery. Moreover, the response letter that the Board supplied to Plaintiff was thorough. That Plaintiff was disappointed to have found no smoking gun is not cause to upend the general presumption of Federal Rule 26(d)(1) against early discovery nor to erode the heightened demand pleading requirement of Federal Rule 23.1. Thus little benefit will follow from allowing discovery compared to the prejudice of forcing Defendants to incur the expense.

The fact that denial of discovery comports with general procedure in Delaware as well, and thus would not tend to encourage forum shopping, also counsels against departure from the normal course in this case. *See Shady Grove*, 559 U.S. at 417 n.2 (2010) ("The *Erie* choice requires that the court consider 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'") (citing *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)). Because no good cause exists for the court to grant Plaintiff early discovery, the court will deny Plaintiff's motion. Since the case has been held in abeyance without a scheduling order, the court directs the parties to hold their Rule 26(f) conference and submit a joint proposed schedule by **January 20, 2017**, with the court to hold a scheduling conference thereafter.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Discovery (Dkt. #16) is DENIED.

IT IS FURTHER ORDERED that the parties are directed to meet and confer with Plaintiff to submit to the court a joint proposed scheduling order on or before **Friday, January 20, 2017**.

IT IS FURTHER ORDERED that counsel for the parties shall attend a scheduling **conference at US District Court, Port Huron, Michigan, on Tuesday, February 7, 2017 at 10:00 a.m.**

            s/Robert H. Cleland
            ROBERT H. CLELAND
            UNITED STATES DISTRICT JUDGE

Dated:  January 10, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 10, 2017, by electronic and/or ordinary mail.

            s/Lisa Wagner
            Case Manager and Deputy Clerk
            (810) 984-2056